# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 58-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HEATHER NICOLE MASSEY | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending before the Court is a Violation Report [# 101] filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. On December 11, 2017, the Court held a bond revocation hearing. Defendant was present with her counsel, Fredilyn Sison, and the Government was present through AUSA David A. Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the record, the Court makes the following findings.

**Background.** The Defendant was charged in a bill of indictment filed on August 2, 2011, with: one count of stealing exceeding $1000, in violation of 18 U.S.C. §§ 661, 2; one count of stealing not exceeding $1000, in violation of 18 U.S.C. §§ 661, 2; and two counts of destruction of personal property, in violation of 18 U.S.C. §§ 1363, 2.

On October 11, 2011, Defendant plead guilty. On June 29, 2012, the District

Court sentenced Defendant to time served, three years of supervised release, $100 special assessment, and $5,444 in restitution.

On May 19, 2017, the Court held a hearing regarding a violation of Defendant's supervised release [# 83]. The Court detained Defendant pending preliminary and detention hearings. On May 22, 2017, Defendant waived preliminary and detention hearings and was detained.

On June 5, 2017, Defendant filed a motion for release to attend inpatient treatment at the Swain Recovery Center [# 91]. On June 7, 2017, the Court ordered Defendant to be released on June 16, 2017, to attend treatment at the Swain Recovery Center. Defendant was released on a $25,000 unsecured bond with standard conditions and terms of pretrial release.

On July 24, 2017, Defendant filed a motion for release from custody for aftercare treatment [# 95]. On July 31, 2017, the Court released Defendant on a $25,000 unsecured bond with standard conditions and terms of pretrial release and included the following condition:

> **(8)(y)** Defendant is to reside at (Halfway House) Oxford House Church Street at 95 Church Street, Asheville, NC. Defendant to begin outpatient treatment at the SACOT program beginning August 1, 2017 for a twelve (12) week program and successfully complete. Defendant is to sign release forms from Probation to receive any information pertaining to treatment. No contact or communication of any from at all with Gregory Leatherman, day or night.

On August 23, 2017, the Probation Office attempted to make contact with Defendant at Oxford House. Probation discovered that Defendant had not been a part of Oxford House since August 18, 2017. Defendant had failed to abide by Oxford House's rules and had been discharged. Defendant did not notify the Probation Office. Probation attempted to contact Defendant by telephone and through Defendant's previous third-party custodian but to no avail.

Additionally, when Probation contacted SACOT, Defendant's drug treatment program, to ask about Defendant's progress. A clinician told Probation that Defendant had attendance problems and had not been back to the program since August 17, 2017.

On December 5, 2017, Defendant was arrested for violating her terms and conditions of pretrial release. On December 11, 2017, Defendant appeared before the Court for a detention hearing regarding this violation. Defendant admitted that she had been discharged from Oxford House and had not informed Probation, and that she had stopped attending treatment at SACOT and had not informed Probation. The Government then presented testimony through United States Probation Officer Justin Adams.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has violated the conditions of her pretrial release. Defendant did not abide by the conditions of Oxford Home and was discharged. Defendant failed to notify the Probation Office. Defendant had poor attendance at her substance treatment program and eventually stopped attending. Defendant failed to notify the Probation Office. Defendant then remained on the run from August 18, 2017, until December 5, 2017, the date of her arrest.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any

other person or the community.  It is the opinion of the Court that, based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 97] and terms and conditions of pretrial release [# 96] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: December 12, 2017

Dennis L. Howell
United States Magistrate Judge